FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

JUL 1 5 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KENNETH STRONG, GDC # 1231819, Plaintiff, | : : : : | CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | : : | CIVIL ACTION NO. 1:08-CV-1980-TWT |
| UNNAMED DEFENDANT, Defendant. | : : : | |

## ORDER AND OPINION

Plaintiff, Kenneth Strong, an inmate at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. The matter is presently before the Court for a 28 U.S.C. § 1915A review.

I. 28 U.S.C. § 1915A Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or, (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations

AO 72A
(Rev.8/82)

are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States or a federal statute; and (2) the act or omission was committed by a person acting under color of state law. See Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

2

## II. Plaintiff's Allegations

In his complaint, Plaintiff contends that he has had no telephone access and has not seen a telephone during the seven months that he has been incarcerated in the diagnostic prison unit. Plaintiff does not name a defendant in this action, and he does not specify the relief he seeks here.

## III. Discussion

Prisoners retain a First Amendment right to communicate with friends and family. Pope v. Hightower, 101 F.3d 1382, 1385 (11th Cir. 1996). Prisoners, however, have no right to unlimited telephone use. See Washington v. Reno, 35 F.3d 1093, 1099-1100 (6th Cir. 1994). In light of the Supreme Court's holding in Turner v. Safley, 482 U.S. 78, 84 (1987), "[a] prisoner's right to telephone access . . . is 'subject to rational limitations in the face of legitimate interests of the penal institution.'" Padgett v. Mosley, No. 2:05-CV-0608-MEF, 2007 WL 2409464 at *8 n.2 (M.D. Ala. Aug. 20, 2007) (quoting Strandberg v. City of Helena, 791 F.2d 744, 747 (9th Cir. 1986)); see also United States v. Noriega, 917 F.2d 1543, 1551 n.10 (11th Cir. 1990)(explaining that "[i]t is not unusual or unreasonable to condition the

3

use of telephones by penal inmates on monitoring of the telephone calls by the authorities charged with maintaining the security of the penal facility.").

Here, Plaintiff's conclusory allegation that he has not seen a telephone in seven months fails to show that the prison has denied him access to a telephone when he has requested it. Furthermore, Plaintiff does not allege and it does not appear that Plaintiff is without other means of communicating, i.e. through the mail or visitation at the prison. See Acosta v. McGrady, No. CIV.A. 96-2874, 1999 WL 158471 at *7 (E.D. Pa. March 22, 1999) (a prisoner has a constitutional right to use a telephone only if no other reasonable means of communication are available); Pittsley v. Ricks, No. 96-CV-0372, 2000 WL 362023 at *5 (N.D. N.Y. March 31, 2000); Ingalls v. Florio, 968 F. Supp. 193, 203 (D. N.J. 1997); Radhames v. Nash, No. 4:CV 04-956, 2005 WL 1532978 at *3 (M.D. Pa. June 29, 2005). Indeed, Plaintiff has not shown that he has suffered any injury as a result of the alleged lack of access to a telephone. See Peterkin v. Jeffes, 855 F.2d 1021, 1041 (3d Cir. 1988) (holding that in order to assert a viable claim of telephone deprivation, an inmate must make some showing of prejudice or actual injury). Accordingly, Plaintiff's complaint is subject to dismissal.

IV. Conclusion

Based on the foregoing, **IT IS ORDERED** that the instant action is hereby **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that Plaintiff be granted in forma pauperis status for the purpose of dismissal only.

**IT IS SO ORDERED** this 15 day of July, 2008.

_____
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)